THE STATE OF MINNESOTA, Appellant, *vs.* RICHARD G. ENO, Respondent.

APPEAL FROM THE DISTRICT COURT OF WASECA COUNTY.

The form of an indictment provided by our statutes, divides the same into two parts, the accusing clause, and the descriptive clause or specification of the crime charged. When the crime has a name, such as treason, murder, arson, manslaughter, or larceny, &c., and is susceptible of division into different classes or degrees, it is sufficient to charge the Defendant with the crime, by name, in the accusing part of the indictment, and describe the particular degree or class of the offence in the specification.

Where a Defendant is accused by the Grand Jury of the crime of larceny, and the specification makes out a charge of larceny from the person, and the proof establishes the larceny charged, as to time, place, property, and all the essential features contained in the specification, except that it was from the person, a conviction may be had for the simple larceny. Where the proof fails to sustain the aggravating circumstances charged, and leaves the crime simple larceny, the Jury should be instructed to specify, in their verdict, the degree or class of larceny in which they find the Defendant guilty. Where, however, they in such case, render a general verdict of guilty, the Court may, in its discretion, enter a *nolle prosequi* as to the greater crime, and allow the conviction to stand for the minor offence, as all grades of the offence involve a simple larceny. This Court will hesitate to pass sentence upon a prisoner, unless possessed of all the evidence taken on the trial.

Points and Authorities for Respondent.

I.—The indictment does not conform to the 2*nd subdivision of section* 66 *Comp. Stat.*

II.—Neither does it conform ro the 67th and 69th sections of the same chapter. *Biggs vs. People,* 8 *Barb.*, 547; *People vs. Taylor,* 3 *Denio,* 91.

III.—The indictment does not conform to the 7*th subdivision of sec.* 76, *Comp. Stat. ; see also authorities cited on last point.*

IV.—If the indictment demurred to charges simple larceny in accordance with the statute (as claimed by the prosecution) it also charges, with more clearness and certainty, larceny from the person, burglary and stealing from an out-house (several distinct offences, for which the law provides distinct penalties), and is demurrable for duplicity. Therefore the 2nd and 3rd grounds of demurrer were well taken, folio 3. *Comp. Stat.,* 757-8, *Nos.* 13, 14, 15 *and* 16; *ib.,* 765, *sec.* 118, *sub.* 3; 2 *Mass.,* 163.

A substantive charge in an indictment, like that in this indictment, (to wit, "did feloniously steal, take and carry away from the person, &c., of said Orrin Pease,") cannot be rejected as surplusage. *Com. vs. Atwood,* 11 *Mass.,* 93; *Arch. Crim. Pl.,* 54 *and* 107-8; *R. vs. Stevens,* 5 *East.,* 244.

V.—This indictment in no respect resembles any of the forms of indictment prescribed by statute or common law, except those charging the offence of robbery and larceny from the person, which forms, like this indictment, are inappropriate and incompetent for charging simple larceny. *Comp. Stat.,* 758, *Nos.* 13 *and* 16; *Arch. Cr. Pl.,* 170 *and* 262, *s. p.*

VI.—But suppose the Judge did not err in the Court below, by holding the indictment good on demurrer, since it charges no less offence than that of robbery or larceny from the person, and the jury having found a general verdict of "guilty," the Defendant stands convicted of the whole charge in the indictment and the Court must pronounce judgment and sentence accordingly, which judgment would be unsupported by and contrary to the evidence given at the trial.

VII.—The proof shows positively that there was no robbery or stealing from the person of Mr. Pease, and that this Defendant, at most, was only an accessory to the larceny by

counseling and advising, and was absent nine miles distant when the larceny was committed; therefore he should not have been indicted as principal, and cannot be tried or convicted under such an indictment.

The statute relied on by the prosecution as abolishing the distinction between principals and accessories in felony, does not repeal those sections of the statute referred to herein, prescribing the manner in which the facts shall be stated in an indictment.

The motion to discharge the Defendant made at the close of the Plaintiff's evidence should [have been allowed. *Fol.* 10; *Comp. Stat.* 761, *sec.* 85; *also* 732, *secs.* 2 *and* 3; *Arch. Crim. Pl.* 686 *and* 690.

VIII.—The offence of accessory to larceny, which is the only offence to which the evidence in this case points, is not " necessarily included in that with which the Defendant is charged in the indictment." *Comp. Stat.,* 784, *sec.* 255; 2 *Whart. Am. Crim. Law,* 304–5; *State vs. Scommel,* 39 *Maine* (4 *Heath*) 68.

GORDON E. COLE, Attorney General.

BATCHELDER & BUCKHAM, Counsel for Respondent.

*By the Court.*—FLANDRAU, J.—The crime of larceny is by the statutes (*Comp. Stat.,* 710) divided into several classes or degrees, more or less aggravated, according to the circumstances under which it is committed. Larceny from the person, is ranked as the highest offence, being punished by imprisonment in the state prison for a term not more than four years, nor less than two, or by fine and imprisonment in the county jail. Larceny in a dwelling house, office, shop, bank or warehouse, ship, steamboat, or vessel, &c., is classed next, and simple larceny is the lowest degree, being divided into larceny of over one hundred dollars in value, and under that sum, the former being a felony and the latter a misdemeanor simply.

In the chapter on indictments (*chap.* 105, *p.* 755), forms are provided and declared to be sufficient. We have held that

a substantial adherence to these forms is sufficient as they form part of the statute, *Bilansky vs. State*, 3 *M. R.*, 427. The forms divide the body of the indictment into two parts—first, the accusation, and second, the specification of the crime charged. In the accusing part, the Defendant is charged with having committed a certain crime, naming it, if it has a name, as treason, murder, arson, manslaughter, larceny, &c., and in the specification the crime charged is particularly described. In the indictment in this case the Defendant is charged with having committed the crime of larceny, which is described to have been by feloniously stealing, taking and carrying away a span of horses, worth three hundred dollars, " from the person and possession of the said Orrin Pease, being from a stable occupied by him at St. Mary aforesaid, and wherein said horses were stabled at the time of said larceny."

The reason that larceny from the person is considered by the legislature a higher offence than other stealing, is because the crime involves an invasion of the person of the citizen as well as the stealing of the property. It includes all cases of pocket-picking and similar offences, but in our opinion, extends to every case of stealing, where the property stolen is on the person, or in the immediate charge and custody of the person from whom the theft is made. For instance, should a cane or umbrella be taken from the hand of a person, or a barrow that he was wheeling, or tool with which he was employed, or horse that he was driving, leading, or holding by the bridle, we are clearly of the opinion that the theft would be larceny from the person. In each of these cases the rights of the person to inviolability would be encroached upon, and his personal security endangered, quite as much as if his watch or purse had been taken from his pocket.

The indictment alleges that the horses were taken from the person of the owner. It is true, it adds, that they were at the time in a stable occupied by him, but there is nothing inconsistent in this fact with the owner being with them, and in the immediate charge and manual possession of them. The specification, therefore, makes out a crime of larceny from the person.

Under the statute where the crime has a name, and is di-

vided into several classes or degrees, as murder, arson, manslaughter, larceny, &c., it is sufficient if the indictment charge the Defendant with having committed the offence by name in the accusing part, and bring it within some one of the classes or degrees in the descriptive part or specification. The Court was right in overruling the demurrer.

When the case came on for trial, the defence endeavored to reduce the degree of the offence by showing that the owner of the property was absent at the time of the theft, which he succeeded in establishing, as it appeared that the owner was in his dwelling, some distance from the stable, and knew nothing of the affair until the next morning. The jury convicted the Defendant by rendering a general verdict of guilty.

It is contended that in an indictment for larceny from the person, the Defendant must be acquitted if that particular offence is not made out against him. To this we cannot assent. Each of the several descriptions of larceny involve a simple larceny. The fact of its having been committed in a dwelling house, or from the person, merely goes in aggravation, and increases the severity of the punishment. If the prosecution fails in establishing these circumstances, but proves the larceny substantially as charged, a conviction for the minor degree of the offence may be had. As, for instance, if the theft is alleged to have been in a certain house, properly described, and alleged to be the dwelling house of the owner of the goods, and the larceny is clearly proved to have taken place in that house, but at the time it had ceased to be a dwelling house, being untenanted, or for some other reason, there is no reasonable doubt that a conviction for the larceny may nevertheless be had ; or, as in this case, where the allegation is, that the horses were stolen from the person of the owner, being from a stable occupied by him, &c.,—and it appears that they were stolen from the stable, but the owner was not in the immediate and personal custody of them,—the Defendant may be convicted of the simple larceny. *Comp. Stats.*, 783-4, *secs.* 20-21.

In the case of *Bilansky vs. The State*, 3 *M. R.*, 427, at page 437 of the opinion of the Court, we say, " It is only when the jury acquit of the main charge, and convict of some inferior

degree thereof: or under an authority such as I have cited from our statute (*Comp. Stat.*, 776, *sec.* 43) acquit the Defendant of ' a part of the offence charged and convict of the residue thereof,' or find the Defendant ' not guilty of the commission thereof, and guilty of an attempt to commit the same,' that any special matter need be stated in the verdict."

Where the jury design to convict the prisoner of the offence with which he is charged, the verdict of " guilty " is all that is required; but they should, in all cases where the proof renders it necessary, be instructed upon the law of the crime, and directed to specify the degree in which they find the Defendant guilty, if the whole charge is not sustained. If in this case they meant to find the Defendant guilty of stealing from the person, the evidence does not sustain the verdict.

The case is sent to us by the Judge upon his certificate of doubt as to certain questions arising, and the evidence reported to us is very meagre, being merely an outline of what was taken on the trial. The Attorney General urges upon us the propriety of entering a *nolle prosequi* as to the charge of stealing from the person, and allow the conviction to stand for the simple larceny. The power of the Court to do so is undoubted. *Commonwealth vs. Tuck*, 20 *Pick.*, 356. Yet as we have no just idea of the proof against the Defendant, we cannot pass sentence, and we prefer to remand the case to the District Court, with instructions to exercise its discretion in entering or refusing to enter a *nolle prosequi* for the greater charge, and sentence the Defendant for simple larceny, accordingly as the evidence may or may not justify his conviction for the latter offence. If any reasonable doubts exist in the mind of the Court of the sufficiency of the proofs to sustain the verdict as to simple larceny, a new trial will be awarded. Ordered accordingly.