## STATE OF MINNESOTA .

### *vs.*

## GEORGE COON.

An indictment commenced; A. B. and C. D. are each accused by the grand jury of the county of D., and state of Minnesota, of the crime of burglary, committed as follows; and then stated facts which would constitute the crime of simple larceny. *Held*, good as an indictment for larceny; and, also, that it is not necessary that such an indictment should conclude against the form of the statute.

An indictment charged a larceny of divers articles, of the value, in the aggregate, of over one hundred dollars. The jury rendered a verdict of grand larceny. *Held*, that it was void for uncertainty, and that a new trial must be had.

The defendant and one John Scott were (in the words of the indictment) " each accused by the grand jury of the county of Dodge, and State of Minnesota, of the crime of burglary, committed as follows." The indictment then alleges that the defendants, in the night time, did feloniously break and enter into a certain warehouse, with intent burglariously and feloniously to steal and carry away certain goods and chattels, the property of E. H. and Frank E. Barrett, then in said ware-

State of Minnesota v. Coon.

house, and gives a list of the goods, &c., with their value respectively, amounting in the aggregate to over one hundred dollars ; and that the defendant did " then and there feloniously and burglariously steal, take, and carry away " such goods and chattels, " against the peace and dignity of the State of Minnesota." The defendant Coon was brought to trial, and at the close of the testimony for the prosecution his counsel moved that the action be dismissed, and the defendant discharged, on the ground that the indictment was insufficient and void. The court decided that the defendant could not be held to answer the accusation against him for burglary, but that he might be held upon the same to answer to the accusation of larceny, the allegations of fact therein constituting that crime, and denied the motion to dismiss, &c., and defendant's counsel duly excepted to the decision. The jury convicted the defendant of grand larceny, but in their verdict did not find the value of the articles stolen. The case comes to this court, pursuant to *chapter* 76, *of Laws of* 1870, upon the certificate of the district judge, for the decision and determination of the following questions.

" Can the defendant be held upon the said indictment, to answer as for an accusation of larceny ?

" If he can be so held, can he, upon the said verdict be sentenced to imprisonment in the state prison, or will his punishment be limited to a fine or imprisonment in the county jail, or both ? "

F. R. E. CORNELL, Attorney General.

I. Respecting all the allegations in the indictment regarding burglary, sufficient remains to show a larceny. In such a case the rule is settled that a conviction can be had for the latter. 22 *N. Y.* 184, *and cases cited.*

II. The omission of "*contra formam statuti*" does not vitiate the indictment in this case. The rule upon that subject is this: When a statute expressly prohibits an offense or creates one, and inflicts a punishment, the conclusion must be observed, but where a statute only inflicts a punishment on that which was an offense before, judgment may be given for that punishment, although the indictment does not mention the statute. *Russell vs. Com.*, 7 *Sergt. and R.* 480, citing and approving; *Com. vs. Searle*, 2 *Binn.* 332; 1 *Whart.*, sec. 411.

III. Regarding the last question propounded by the court below, it is submitted that the verdict must be referred to the indictment, and construed as meaning guilty of the offense as therein charged.

A. J. EDGERTON, for Defendant.

The defendant was indicted by the grand jury of Dodge county for the crime of burglary, and on the trial plead " not guilty."

No burglary being alleged or proven on the trial, the court instructed the jury that they might under the indictment find the defendant guilty of larceny; to which charge defendant excepted.

The jury found the defendant guilty of "*Grand Larceny.*"

The charge of the court is based upon the following words in sec. 18, of chapter 116, of the Revised Statutes: " In all other cases the defendant may be found guilty of *any* offense, the *commission* of which is necessarily included in that with which he is charged in the indictment."

The *intent* to commit a felony is necessary to constitute the crime of burglary, but the commission of the offense is not necessarily included. *Wharton, Am. Crim. Law, vol* 2, § 1598; *Russel on Crimes, vol.* 1, *page* 822.

State of Minnesota v. Coon.

The commission of a felony is not necessary; the intent to commit the felony is necessary.

In order to make the section referred to applicable, the commission of the crime must be necessarily included in burglary.

The defendant is charged in the indictment with a common law offense and not with a violation of the statutes.

*By the Court.*—RIPLEY, CH. J.—This indictment accuses the defendants "of the crime of burglary, committed as follows:" and then states facts constituting the crime of simple larceny. This, we think, is good as an indictment for larceny, although the grand jury have called it by the wrong name. The case of the *State vs. Hinckley*, 4 *Minn.* 345, is conclusive on this point.

"When a question arises as to the sufficiency of an indictment, the test to be applied is, whether it substantially conforms to the provisions of *sec.* 66, of the statute above quoted, [*viz.* : *Pub. Stat., ch.* 105, *sec.* 66, *p.* 755, being identical with *Gen. Stat., ch.* 108, *sec.* 1,] and not whether it conform to the precedents given in the subsequent section," [identical with *Gen. Stat., ch.* 108, *sec.* 2.]

" Here the offense is plainly set forth, and the omission of the pleading to term it a ' crime,' or to ' accuse ' the party of ' committing a crime,' in express words, cannot change the legal effect of the fact pleaded. The *facts* constituting the offense must be stated, and from those facts the law determines its nature, which cannot *be affected by any term or appellation, which the grand jury may apply, or fail to apply to it. Ib.* 358.

So, in *State vs. Garvey*, 11 *Minn.* 155, the indictment was held sufficient, under *ch.* 41 *of Laws of* 1864; yet in naming the offense in the indictment it was termed an assault with intent to do great bodily harm, without charging that the de-

fendant was at the time armed with a dangerous weapon; that is to say, it no more termed it the offense defined and punished by said statute, than this indictment gives the offense set out its proper name when it terms it burglary. But in the statement of the acts constituting the offense, it was plainly and specifically stated that the defendant was armed with a dangerous weapon. See *Gen. Stat., ch.* 108, *sec.* 10, *sub.* 6 *and* 7; *Ib. sec.* 11.

The defendant could be no more misled or substantially prejudiced by the error in this case, than if the grand jury had *called* the offense arson. It is also immaterial that the indictment does not conclude against the form of the statute. Larceny is not defined by our statutes. They divide it into several classes or degrees, more or less aggravated, according to the circumstances under which it is committed, and affixing to each a punishment more or less severe, according to the nature of such circumstances. *State vs. Eno,* 8 *Minn.* 220.

As to what constitutes the offense, however, we must go to the common law. Our statutes, that is to say, do not create the offense, but as it were, grade it. " Simple larceny is the lowest degree, being divided into larceny of over one hundred dollars in value, and under that sum, the former being a felony and the latter a misdemeanor simply." *Ib.* 222. In such a case it is not necessary that the indictment should conclude against the form of the statute. " When statutes prescribe or modify the punishment for crimes at the common law, they do not thereby create the crimes, and the indictment may be at common law, while the court will inflict the statutory punishment. 1 *Bish. Cr. Pr.* § 345; *Russel vs. Com.,* 7 *S. & R.* 489. The district judge was, therefore, right in overruling the defendants' motion to dismiss.

As to the second question certified, however, we are of

State of Minnesota v. Coon.

opinion that no judgment whatever can be rendered upon the verdict.

At common law, simple larceny, when it is the stealing of goods above the value of twelve pence, was called grand lar-. ceny; when of goods to that value, or under, petit larceny; offenses, says Blackstone, which are considerably distinguished in their punishment, but not otherwise. 2 *Bl. Com. Book* 4, *ch.* 17, *p.* 230. The common law distinction between them has been abolished in England, by statute, and is not recognized by our statutes. The indictment charges a larceny of divers articles of the value in the whole of more than one hundred dollars. But, if we attach any meaning to the word " grand," it is impossible to say, whether or not the jury meant to find the defendant guilty of a larceny of goods to a value exceeding one hundred dollars, or of goods to some other value exceeding twelve pence, but not exceeding one hundred dollars. If, moreover, we reject that word as senseless, as was suggested at the bar, the verdict is still as ambiguous as before. The jury in that case, will have convicted the prisoner of larceny, but whether of the larceny charged, which is a felony, and punishable by imprisonment in the state prison, or of one which would be but a misdemeanor, punishable by fine and imprisonment in the county jail, is wholly uncertain.

A verdict, however, should be certain, positive, and free from all ambiguity; any obscurity which renders it at all doubtful will be fatal to it. 1 *Archbold Cr. Pr. and Plea. by Waterman,* (*7th Ed.*) *p.* 666, *note a.* The jury should in this case have been instructed upon the law of the crime, and directed to specify the value, if they did not find the defendant guilty of the offense charged in the indictment. *State vs. Eno,* 8 *Minn.* 220 *p.* 225; *Lock vs. State,* 32 *N. H.* 106; 1 *Scam.* 392. There must, therefore, be a new trial in this case.

Mr. Bishop states the law on this point as follows: " As

already intimated," (referring to sec. 831, which see) "there ought never to be a defect in the verdict. It is in the power equally of the prisoner and the prosecuting attorney to have it set right; and suppose the prisoner chooses not to interfere, and suffers a defective verdict to be entered, as his interest would always prompt him to do, in preference to a verdict of guilty in due form, he by thus failing to interpose waives his objection to being put a second time in jeopardy for the same offense. In all such cases, therefore, the verdict is simply set aside as a nullity and a new trial is ordered. The court cannot, instead of this, make the verdict or judgment what it thinks it ought to be." 1 *Bishop Cr. Pr.*, § 842, *and cases cited.*

This is not a case of *doubt,* but of entire uncertainty as to what the defendant has been found guilty of.

The verdict, therefore, is simply void, and a new trial must be had.