IN THE MATTER OF WIXAM PARKS ON HABEAS CORPUS.

*Criminal law—Sentence—Habeas corpus.*

It is not the duty of courts to discharge prisoners, fairly and legally convicted, from confinement, because of technical errors and defects in the record of their sentence, or in the commitments issued to enforce the same.

So *held*, where a respondent was informed against under How. Stat. § 9245, for aiding and assisting a prisoner in escaping from the county jail, and the record of his sentence recited that he had been convicted of jail-breaking, a distinct offense under How. Stat. § 9661. He applied for his release on *habeas corpus*, claiming that he had been sentenced for a different offense than that for which he had been tried and convicted; and it is held that, while the record of sentence is not as specific as it should be, yet, when read in connection with the whole of the files and records in the case, it sufficiently appears that the petitioner was legally convicted of and sentenced for the crime charged in the information.

*Habeas corpus* proceeding. Submitted May 6, 1890. Denied June 6, 1890.

Petitioner applied for his release from State prison because the record of his sentence showed that he had been sentenced for a different offense than that for which

---

[1] Counsel cited, in support of his claim of error, 1 Greenl. Ev. §§ 54, 55; *Fahey v. Crotty*, 63 Mich. 383; *Daniels v. Dayton*, 49 Id. 137.

he had been tried and convicted. The facts are stated in the opinion.

*Michael Kinney,* for petitioner.

Morse, J. The petitioner, who is confined in the State prison at Jackson, makes application in his own behalf for the writ of *habeas corpus,* alleging that his detention in such prison is unlawful.

He shows that June 6, 1887, an information was filed in the circuit court for the county of Montcalm, charging him in substance with having aided and assisted upon September 25, 1886, one Daniel Lonay, a prisoner lawfully confined in the county jail of said county of Montcalm, to escape from said jail, by then and there taking and removing the burrs from the screws on the window of said jail, with intent then and there to aid and assist the said Lonay in escaping from said jail.

This information was laid under How. Stat. § 9245, which reads as follows:

"Every person who shall convey into any jail, prison, or other like place of confinement any disguise, or any instrument, tool, weapon, or other thing, adapted or useful to aid any prisoner in making his escape, with intent to facilitate the escape of any prisoner there lawfully committed or detained, or shall by any means whatever aid or assist any such prisoner in his endeavor to make his escape therefrom, whether such escape be effected or attempted, or not, * * * shall be punished by imprisonment in the State prison not more than seven years; or, if the person whose escape or rescue was effected or intended was charged with an offense not capital, nor punishable by imprisonment in the State prison, then the punishment for the offense mentioned in this section shall be by imprisonment in the county jail not more than one year, or by fine not exceeding $500."

Lonay was confined in the jail, as was shown by the

81 Mich.—16.

information, upon conviction and sentence of manslaughter, and was awaiting his conveyance to the State House of Correction and Reformatory at Ionia, under commitment. Parks was duly tried and convicted under the information filed ˈagainst him, and sentenced to the State prison at Jackson for a term of four years. The record of his sentence reads as follows:

"At a general term of the circuit court for the county of Montcalm, continued and held at the court-house in the city of Stanton, in said county, on Wednesday, October 26, 1887.

"Present, Hon. V. H. SMITH, Circuit Judge.

"Court opened for business in due form.

" *The People of the State of Michigan v. Wixam Parks.*

"Wixam Parks, the respondent above named, having been by the jury duly convicted of the crime of jail-breaking, as appears by the record thereof, and having been on motion of the prosecuting attorney brought to the bar of the court for sentence, and having then been asked by the court if he had anything to say why judgment should not be pronounced against him, and alleging no reason to the contrary thereof,—and the said respondent was found to be above sixteen, and less than twenty-five years of age,—it is ordered and adjudged by the said court now here that the said Wixam Parks be confined in the State prison at Jackson for a period of four years from and including this day.

"VERNON H. SMITH,

"Circuit Judge."

Basing his application upon this record of sentence, Parks claims that he was sentenced for jail-breaking, and that such crime is defined by How. Stat. § 9661, as follows:

"If any person lawfully imprisoned in any jail, workhouse, or house of correction, under sentence of confinement at hard labor, shall break such prison and escape, he shall be punished by imprisonment in the State prison or county jail not more than three years, in addition to

the unexpired portion of the time for which he was originally imprisoned;"—

And that he could not legally be sentenced for this crime when he was tried and convicted of another offense.

No illegality is alleged or claimed in his conviction under the information filed against him. While the record of sentence is not as specific as it ought to be, yet we think that "jail-breaking" can be committed from the outside as well as from the inside, and, when the record of sentence is read in connection with the whole of the files and records in his case, it sufficiently appears that he was legally convicted and sentenced for the crime set forth in the information, and of which he was found to be guilty by a jury of his peers after a presumably fair trial.

It may as well be understood that it is not the duty of the courts to discharge prisoners, fairly and legally convicted, from confinement, because of technical errors and defects in the record of sentence or in the commitments, nor is it the intention of this Court to do so.

The writ is denied.

The other Justices concurred.