A. C. Stapp *vs.* Steamboat Clyde and others.

November 17, 1890.

Constitution—Action against Vessels—Execution against Obligors on Bond—Due Process of Law.—The statute (Gen. St. 1878, c. 83, § 9, a chapter relating to actions against boats and vessels) which authorizes and directs that when judgment has been rendered in favor of the plaintiff and against the boat or vessel, defendant, execution shall issue against the obligors in a bond entered into according to the provisions of the seventh section of said chapter, is not unconstitutional.

Action brought in the district court for Hennepin county, by attachment under Gen. St. 1878, c. 83, to enforce a lien for coal furnished the steamboat Clyde, plying on Lake Minnetonka, in this state. After the decision of a former appeal, (43 Minn. 192,) the action was brought on for trial before *Hooker,* J. The owner of the steamboat, Howard Trumbull, appeared, but no answer was made. On the plaintiff's evidence and the admissions of the parties, the court ordered judgment against the steamboat, and it appearing that the steamboat, after seizure under the writ, had been released upon the giving of a bond by Trumbull, as principal, and C. C. Miller and C. B. Rawley, as sureties, pursuant to Gen. St. 1878, c. 83, § 7, it

was further ordered that execution on such judgment issue against the obligors in the bond. Judgment for $277.03 was entered in pursuance of the order, from which the obligors appeal.

*E. C. Betts,* for appellants.

*A. B. Choate,* for respondent.

COLLINS, J.    1. This case appears for a second time, a former judgment of the court below having been reversed, and the cause remanded for trial upon the merits.    Thereupon a trial was had, resulting in plaintiff's favor.    By means of this appeal, which is from a judgment, the defeated party attempts to obtain the overthrow of the decision heretofore made, which may be found reported in 43 Minn. 192, (45 N. W. Rep. 430,) and the brief on this occasion is almost identical with that used upon the former hearing.    In it, appellants' counsel candidly states that he seeks a reversal of the decision heretofore rendered, which fully, and satisfactorily to the court, covered the point again so strenuously argued.    We need say nothing further as to the first assignment of error save that, in preparing a brief on this appeal, wherein he presents and pertinaciously reargues points in his case heretofore and fully disposed of, counsel must have overlooked *Ayer* v. *Stewart,* 16 Minn. 77, (89,) and *Lough* v. *Bragg,* 19 Minn. 309, (357.)

2. As authorized by Gen. St. 1878, c. 83, § 7, under which chapter this action was instituted, the owner of the defendant steamer executed to plaintiff a bond, with sureties, containing the conditions prescribed in said section, whereupon the sheriff, who had seized the Clyde, released and discharged her from custody.  Counsel for appellants argues that it would be unconstitutional to issue execution against the obligors of this bond for the amount of the judgment against the steamer, as was actually directed in the judgment itself, and as expressly provided in section 9 of said chapter 83.    It is not made incumbent upon us to determine whether a judgment in a proceeding of this nature, in addition to fixing the amount of the recovery, should direct that execution issue against the principal and sureties upon a bond given under section 7, or whether the judgment should be in the ordinary form, against the defendant for damages, and thereupon the execution is issued as provided in section 9.  The

counsel does not raise the point, and we do not decide it. In *David-son* v. *Farrell*, 8 Minn. 225, (258,) and again in *Libby* v. *Husby*, 28 Minn. 40, (8 N. W. Rep. 903,) it was held that the statute, now section 124, *c.* 65, Gen. St. 1878, which provided that, in case an appellant failed to appear and prosecute in district court an appeal from a justice's court, and in all cases where upon such an appeal the appellant was defeated in district court, its judgment should be entered against him and his sureties upon the appeal-bond, was not contrary to the fundamental law. The only difference to be found between section 124, *c.* 65, and section 9, *c.* 83, *supra*, is that, by the plain provisions of section 124, judgment must be entered against the appellant and his sureties, whereupon execution issues, while, by the express terms of section 9, a judgment against the defendant vessel is first entered, and then enforced by an execution issued against the obligors of the bond. If it is unconstitutional to issue an execution against parties who are not named in the judgment, it is equally as objectionable to enter judgment against persons who have not been parties to the litigation, and thereafter pursue them with an execution. In cases covered by sections 7 and 9, the obligors upon the bond have, what counsel now insists appellants are entitled to, "a day in court," and "a judicial determination" of their accountability, quite as much as do the sureties upon a bond on appeal from justice's court. On principle, the feature of the case now being considered cannot be distinguished from that involved in the cases last cited. See, also, *Hayden* v. *Keith*, 32 Minn. 277, (20 N. W. Rep. 195.) Section 9 is not unconstitutional, as an infringement upon the right of appellant obligors to have an alleged liability determined "by due process of law." When executing the bond, they assented to and adopted the statute specifying and regulating a method for enforcing the contract made with the plaintiff. The section in question, then existing, entered into and became a part of their sealed obligation, and as it authorized and directed the issuance of an execution summarily against the property of the obligors, should judgment be rendered against the steamer, they cannot escape the operation of the law.

Judgment affirmed.