90      3
s50NW1086.
e133 ¹ 61.

IN THE MATTER OF SARAH JONES JORDAN ON HABEAS
CORPUS.

*Disorderly persons—Vagrancy.*

1. Since the passage of Act No. 136, Laws of 1883, amending chapter 53 of the Compiled Laws of 1871, from which act the Legislature purposely omitted, in defining disorderly persons, the definition found in the amended chapter, namely "persons who have no visible calling or business to maintain themselves by," a complaint charging that the respondent was on a day named a disorderly person, within the meaning of said chapter, for that he "has no visible calling or business to maintain himself," and on the day named slept in complainant's barn in a certain township, and during the eight preceding days did go about from place to place in said township without any visible means of support, states no offense whatever under our laws.

2. In order to charge a person with vagrancy by reason of going about in the community without any visible means of support, it must further appear that he or she is idle, and seeking to live upon the charity of others, and unwilling, although able to do so, to work for his or her maintenance.

*Habeas corpus* proceeding.   Submitted January 19, 1892.
Prisoner discharged January 20, 1892.

Charles A. Jordan applied for the writ of *habeas corpus* to inquire into the cause of the detention of his wife, Sarah Jones Jordan, at the State Industrial Home for Girls.   The facts are stated in the opinion.

*W. Stearns,* for petitioner.
*Milo D. Campbell,* for respondent.

PER CURIAM.   We think the commitment in this case fatally defective.
As was said *In re Parks,* 81 Mich. 240, we are not

disposed to discharge any person from confinement, who has · been presumptively fairly and legally convicted, because of technical errors or defects or omissions in the record of sentence or in the commitment; but in this case it clearly appears from the commitment that there was no trial, and that a girl of 14 years pleaded guilty to a charge which stated no offense whatever under our laws.

The charge against her recites that on the 22d day of January, 1887, she was a disorderly person, within the meaning of section 1 of chapter 53 of the Compiled Laws of the State of Michigan, for that the said Sarah Jones "has no visible calling or business to maintain herself," and on said 22d day of January, 1887, did sleep in complainant's barn, in the township of Courtland, and during the eight days preceding said 22d day of January, 1887, did go about from place. to place in said township without any visible means of support.

Section 1 of the chapter referred to in the commitment, previous to 1883, in enumerating the different offenses constituting a disorderly person, made "all persons who have no visible calling or business to maintain themselves by" disorderly persons under the law. This was not used as a definition of "vagrancy," because vagrants were in the same statute also made disorderly persons. In 1883 this section was amended, and the clause above quoted, in reference to persons having no visible calling, etc., was stricken out; but vagrants were retained, and now are disorderly persons under the statute. Act No. 136, Laws of 1883. We are constrained to hold that this omission was deliberate, and that the Legislature intended to take out from the definition of disorderly persons those who have no visible calling or business by which to maintain themselves.

It is contended that, if this be so, still the language

of the charge would in law constitute this girl, if the charge were true, a vagrant, and therefore the commitment may be held valid. The only additional language of the charge is that she slept in a barn one night, and for eight days before that was going from place to place in the township without any visible means of support. Sleeping in a barn one night and going about the township is not "vagrancy," under any definition that we can find in the law. It is said in *Way's Case*, 41 Mich. 299, that "vagrancy," when not defined by statute, must be considered as such vagabondage as fairly comes within the common-law meaning of the word. There must be something more than a mere going about from place to place in a neighborhood or township without visible means of support, and the mere fact of sleeping in a barn one night is not sufficient, with the going about, to constitute vagrancy. A vagrant is defined by Bouvier to be, in the common meaning of the statutes, "a person who refuses to work or goes about begging." A person may be going about in the community without any visible means of support, and yet be guilty of no offense. This girl, for aught that is stated in this charge, might have been going about from place to place seeking work, with an honest intent to gain thereby a livelihood. To make such going about vagrancy, it must further appear that the person is idle, and seeking to live upon the charity of others, unwilling, although able to do so, to work for his or her maintenance.

We do not consider it necessary to pass upon any of the other questions raised.

The girl will be discharged from the custody of the Superintendent of the Industrial Home.