EMMA A. KURTZ *vs.* WEST DULUTH LAND Co. *et al.*

Argued by appellant, submitted on brief by respondents, Dec. 6, 1892.    Decided Jan. 6, 1893.

**Appointment of Guardian of the Estate of Nonresident Infants.**

The procedure for the care and management of the property of infant heirs situated in this state, and for the sale of such property for the benefit of such heirs, is for the legislature to provide and regulate; and a statutory provision authorizing a notice of the application to the probate court for the appointment of a guardian of the estate of such infant heirs to be served on the next of kin, *held* constitutional, and the service in this case of such notice upon the mother of such infant heirs, with whom they resided, *held* sufficient.    Following *Kurtz* v. *St. Paul & Duluth R. Co.*, 48 Minn. 339, (51 N. W. Rep. 221.)

Appeal by plaintiff, Emma A. Kurtz, from a judgment of the District Court of St. Louis County, *Start*, J., entered May 21, 1892.

George Leidner, Sr., died intestate May 4, 1860, seised in fee of the south half of the southwest quarter of section seven (7) and the northwest quarter of the northwest quarter of section eighteen, (18,) T. 49, R. 14, in the City of Duluth.    He left him surviving his widow, Catharine Leidner, and three children,—Mary, six years old; Emma A., born January 2, 1858; and George, born October 18, 1859,—his heirs at law.    They resided on the land at his death.    The widow was uneducated, could neither read nor write English, and spoke it imperfectly.    She soon after married one Burg and removed to Superior, Wis., and took her children with her.    On February 27, 1872, she petitioned the Probate Court of St. Louis county to be appointed guardian of the persons and estate of her two younger children, Emma A. and George.    The eldest child Mary, then eighteen years old, was married to John Walter Burns, and was living with him in Duluth.    That court on the same day made an order that her petition be heard before the judge on March 2, 1872, at eleven o'clock A. M. at his office in Duluth, and that notice thereof be given to the next of kin of said minors and to all persons interested, by personal serv-

ice of a copy of said petition and of that order upon the next of kin at least two days before the day of hearing. A copy of this order and of the petition was served on the eldest daughter, Mary Burns, February 27, 1872, at Duluth, and she signed an admission of service, but no other person was served. At the hearing on March 2, 1872, Catharine Burg was appointed such guardian, and letters of guardianship were on that day issued to her.

On March 5, 1872, the guardian made application to the Probate Court for license to sell the interest of these two minors in the land, and that court made an order appointing April 15, 1872, for a hearing thereon and directing notice to be served personally on the next of kin of the wards and published for four weeks. This notice was duly published and was served personally on Mary Burns, but on no other person. On April 15, 1872, the hearing was had, proofs made and license granted to the guardian to sell the land of the wards. She gave bond, took the oath, and afterwards on May 20, 1872, sold their interest in the land at public auction to Hirman Hayes for $1,166.66. She made report of the sale and an order was entered confirming it, and on the same day she, as such guardian, made a deed to Hayes of the interest of the wards in the land. Hayes was an attorney, residing at Superior, Wis., and was the agent and attorney for the guardian in these proceedings and as such attended the hearings in the Probate Court in her behalf. Hayes also bought that day of Mrs. Burns her interest in the land, and of Mrs. Burg her dower. He sold and conveyed the land October 2, 1872, to Ernest I. Norton. The defendant, the West Duluth Land Company, a corporation, is Norton's remote grantee and holds his title. The daughter Emma A. married a Mr. Kurtz and is the plaintiff in this action. Neither she nor George Leidner has resided in Minnesota since 1860.

On October 9, 1887, the West Duluth Land Company brought an action in the District Court of St. Louis county against Emma A. Kurtz and George Leidner to determine their adverse claim to lots three (3) and four (4) in block eighty-nine (89) in the Second Division of West Duluth, which two lots are a part of the said land. They answered, and the issues were tried on the merits and judgment was

rendered for the company. This judgment was affirmed on appeal. *West Duluth Land Co.* v. *Kurtz*, 45 Minn. 380.

In 1890, Emma A. Kurtz and George Leidner brought ejectment against the St. Paul & Duluth Railroad Company to recover possession of the strip of land occupied by it for its right of way across this land. They were defeated and they appealed to this court, where the judgment was affirmed. *Kurtz* v. *St. Paul & Duluth R. Co.*, 48 Minn. 339.

On April 14, 1890, George Leidner sold and conveyed to the plaintiff all his interest in the property. She commenced this action October 12, 1891, against the West Duluth Land Company and others, to determine the adverse claim of the defendants to the residue of the land not embraced in the two preceding actions, and to establish her title to two undivided thirds thereof. The issues were tried February 15, 1892, before Hon. *Charles M. Start*, Judge of the Third Judicial District, assigned to sit in the Eleventh pursuant to Laws 1891, ch. 77. Findings were made and judgment entered for the defendants. From this judgment plaintiff appeals.

*J. W. Bull* and *S. L. Smith*, for appellant.

The statute requires notice to nonresident minors, of the application to appoint a guardian for them. Such notice cannot be dispensed with by the judge, or waived by the minors, or by any one in their behalf. The order of the Probate Court required that this notice be served on the next of kin and upon the minors by service upon the next of kin. Such service could not be waived either by the next of kin or by the minors, and as it is affirmatively shown by the record that the notice was not served on the mother or the minors, and that the sister had no authority to waive it except as to herself, there was no service whatever on the minors. The proceedings taken had the effect to deprive the nonresident minors of their property without notice; such proceedings did not constitute due process of law, and are void. The minors could not waive notice, because they were incompetent to act. The mother or relatives could not waive notice for the minors, nor could their appearance cure any jurisdictional defects. *Chambers* v. *Jones*, 72 Ill. 275; *Moore* v.

*Starks,* 1 Ohio St. 369; *Good* v. *Norley,* 28 Iowa, 188; *Clark* v. *Thompson,* 47 Ill. 25; *Davis* v. *Hudson,* 29 Minn. 27; *Montour* v. *Purdy,* 11 Minn. 384, (Gil. 278;) *Hoyt* v. *Sprague,* 103 U. S. 613.

*Cash & Williams,* for respondents.

VANDERBURGH, J.   The principal question argued, or rather re-argued, before us on this appeal is whether a notice of the hearing for the appointment of a guardian of the estate of infant heirs is sufficient where the order of the probate court directs the notice thereof to be "given to the next of kin of said minors, and to all persons interested, by personal service of a copy of the petition and order for the hearing upon the next of kin at least two days before the hearing."

It is found by the trial court that the adult sister of the plaintiff was duly served with this notice, and that Catharine Burg, the petitioner, who was appointed guardian of the plaintiff, then a minor, residing with and being under the care of the guardian, who was also her mother and natural guardian, had due and actual notice of the hearing.   The facts are not contested by the plaintiff's counsel, but he contends that they were insufficient to constitute notice to the infant heirs, and hence the proceedings were void, on the ground that it was an attempt to divest them of the title to their property without due process of law.   But it was held in a former action by this same plaintiff, upon full consideration, that, as respects proceedings for the appointment of a guardian of the estate of minors, the notice was sufficient. *Kurtz* v. *St. Paul & Duluth R. Co.,* 48 Minn. 339, (51 N. W. Rep. 221.)

The proceedings relate to the care and management of the estate, and the authority of the guardian for such purpose; and the procedure for the sale of property of minors situated in this state, in order to raise money for their benefit, or to convert their real into personal property, is for the legislature to provide and regulate. *Hoyt* v. *Sprague,* 103 U. S. 613, 633.   And, conceding that notice to the infant heirs was necessary, the provisions of the statute in that respect were complied with, and the notice sufficient, as determined in our former opinion, above referred to, which necessarily involved the

question now specially raised. And see *Stapp* v. *Steamboat Clyde*, 43 Minn. 192, 195, (45 N. W. Rep. 430;) *Steamboat Co.* v. *Foster*, 48 Amer. Dec. 249, 274.

It is unnecessary to extend the discussion.

Judgment affirmed.

(Opinion published 53 N. W. Rep. 1132.)