EL PUEBLO DE PUERTO RICO, demandante y pelado, *v.* NICOLÁS RODRÍGUEZ VEGA (*a*) CARTUCHO, acusado y apelante.

No. 5465.—*Sometido:* Abril 12, 1934. *Resuelto:* Abril 20, 1934.

El apelante compareció por escrito a nombre propio. *R. A. Gómez,* *Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

En la Corte de Distrito de San Juan se archivó una acusación que en lo pertinente dice:

"El Fiscal formula acusación contra Nicolás Rodríguez Vega, (*a*) Cartucho, por un delito subsiguiente de Escalamiento en Primer Grado, *felony,* cometido de la manera siguiente:

"El referido Nicolás Rodríguez Vega (*a*) Cartucho, allá para el día 6 de enero de 1934 y en la ciudad de San Juan, Puerto Rico, que forma parte del Distrito Judicial del mismo nombre, ilegal, voluntaria y maliciosamente, con la intención criminal de cometer hurto y privar al dueño de su legítima pertenencia, sustrajo un traje de casimir de hombre valorado en $20.00, una camisa de hombre valorada en $3.50, una chalina valorada en $1.50, una caja con tres pañuelos, valorada en $1.00 y una gorra de hombre valorada en 50 centavos, cuyos objetos pertenecen a y de la propiedad de Rafael Questgla. Y el fiscal alega además que Nicolás Rodríguez Vega (*a*) Cartucho es reincidente, por cuanto con anterioridad a la realización del hurto que por la presente acusación se le imputa, fué convicto de delitos de escalamiento en primer grado y hurto de menor cuantía, (se especifican tres condenas por escalamiento y siete por hurto) cuyas sentencias fueron firmes por no haberse apelado y fueron cumplidas por el acusado en la Cárcel de Distrito de San Juan y en la penitenciaría de Puerto Rico."

Se le leyó la acusación al acusado y éste se confesó cul-

pable. La corte dictó sentencia declarándolo "culpable de un delito subsiguiente de escalamiento en primer grado" y lo condenó a sufrir tres años de presidio.

■ Así las cosas, apeló el acusado y pide en una moción que titula "de impugnación" la revocación de la sentencia porque en la acusación no se especifica la hora en que se cometió el delito y formula además por separado su alegato expresando:

"Que al ser llamado a la lectura de acusación, hice alegación culpable de Escal. en 2do. grado. Toda vez que el delito fué cometido dentro de las horas después de las 6 de la mañana y antes de las 6 de la tarde.

"Que en ningún momento fuí notificado que existía el subsiguiente en la acusación, al hacer mi alegación de culpabilidad en Escal. en 2do. grado."

Ambos documentos aparecen firmados por el acusado en persona.

Todo lo que consta de los autos es que el día "8 de enero de 1934 y en corte abierta compareció el acusado Nicolás Rodríguez Vega (a) Cartucho a oír la acusación en el presente caso. Luego de leídale por el fiscal dicha acta de acusación y preguntádole por la corte qué alegación hacía manifestó que se confesaba culpable del delito que se le imputa, solicitando que se dicte sentencia contra él en este mismo acto."

Siendo ello así, no tiene base la afirmación del acusado de haberse declarado culpable de escalamiento en segundo grado y hay que aceptar como cierto que se declaró culpable del delito que se le imputó en la acusación que se le leyera en corte abierta.

¿Cuál es ese delito? A nuestro juicio el de hurto de menor cuantía no obstante haberse designado por el fiscal en el principio de la acusación como escalamiento en primer grado. Hay un conflicto entre los hechos y el nombre—que es en sí una conclusión—y los hechos predominan.

Sabido es que "ni el dar un nombre equivocado al delito

ni la omisión de darle un calificativo, afecta la validez de la acusación, si en ella se hacen alegaciones tales que imputan un delito contrario a las leyes del estado." 14 R.C.L. 175.

Aplicando ese principio dijo la Corte Suprema de Minnesota en *State* v. *Howard,* 34 L.R.A. 178, 180:

"El delito que la acusación del gran jurado trata de imputar es el 'ofrecer un soborno a un miembro del jurado', o, hablando estrictamente, hacer que se ofrezca un soborno a un miembro del jurado. En el título de la acusación se designa al delito como 'soborno de un funcionario judicial.' Esta discrepancia es la primera objeción que el acusado aduce contra la acusación. Un error en la designación del nombre del delito en el título de una acusación es tan sólo una irregularidad. Unicamente la parte de la acusación en que se imputa el delito debe ser considerada para determinar si la acusación imputa un delito público. Si aduce hechos demostrativos de la comisión de un delito por parte del acusado, la ley determina su nombre y su naturaleza, y ni un error en el nombre del delito ni la omisión de darle un calificativo afectan la validez de la acusación. State v. Hinckley, 4 Minn. 345; State v. Garvey, 11 Minn. 155; State v. Coon, 18 Minn. 518; State v. Munch, 22 Minn. 67."

Y la Corte Suprema de Georgia en *Lipham* v. *State,* 114 Am. St. Rep. 181, 182, dijo:

"Por tanto, la acusación en su parte descriptiva imputa un delito contra las leyes de este estado. Pero se alega que el nombre del delito no figura en la acusación; que debe alegarse que el acusado fué culpable del delito de adulterio incestuoso, mientras que se alegó tan sólo que era culpable de un delito grave. No tiene importancia el calificativo que se dé al delito, si las alegaciones de la acusación son tales que describan un delito contrario a las leyes del estado. No es el calificativo dado en la acusación al delito lo que le caracteriza sino la descripción que del mismo se hace en las alegaciones de la acusación. Camp v. State, 3 Ga. 417, Van Epps' Annotations, 421."

Y como para imputar debidamente el delito subsiguiente de hurto de menor cuantía no es necesario expresar en la acusación la hora en que fué cometido, carece de mérito la contención del apelante.

Además aunque se concluyera que tenía razón el apelante

y que debió declarársele culpable de escalamiento en segundo grado por haberse realizado el acto delictivo de día y no de noche, el resultado sería el mismo. Siempre se trataría de un delito subsiguiente de hurto de menor cuantía o de escalamiento en segundo grado y en ambos casos la pena que se impuso al acusado está dentro de los límites fijados por la ley. Artículos 426, 427, 408 y 410 del Código Penal en relación con los artículos 56 y 57 del propio código.

Del examen de los autos surge otra cuestión que no ha sido levantada, a saber, que también la sentencia condenó al acusado como autor de "un delito subsiguiente de escalamiento en primer grado."

¿Se trata de un error fundamental que lleve consigo la revocación de la sentencia? No, a nuestro juicio. Se ve claramente que la corte designó también el delito con un nombre equivocado y nada más, sin que ello ocasionara perjuicio al acusado.

Resumiendo la jurisprudencia dice Corpus Juris:

"Una exposición errónea del delito no es fatal, cuando el mismo se corrige por los autos y éstos demuestran cuál fué el delito realmente cometido." 16 C. J. 1322.

Y de los casos citados en la nota, parece conveniente que nos refiramos a los dos que siguen:

"Aunque la sentencia no es tan específica como debiera, toda vez que ella dice que el acusado fué convicto del delito de fuga de presos, cuando en realidad él fué juzgado y convicto por cooperar en que se fugara un reo, sin embargo, al leérsele en conexión con los autos del caso en su totalidad, se desprende suficientemente que el acusado fué legalmente convicto y sentenciado del delito imputado en la acusación, y el error o defecto en la sentencia puede considerarse como técnico y no da derecho a que el acusado sea puesto en libertad." In re Parks, 81 Mich. 240, 242, 45 N. W. 824.

"Cuando la reo fué acusada y convicta de asesinato y los autos en conjunto demuestran que ése fué el único cargo considerado, la sentencia condenatoria no era nula por decir que la acusada fué sentenciada a la penitenciaría a perpetuidad 'por un delito de homicidio', toda vez que las palabras que aparecen entre comillas fueron

más bien un error oficinesco.'' *Johnson* v. *State,* 106 Miss. 94, 102, 63 S. 338.

¿Qué debe hacer el tribunal bajo estas circunstancias? ¿Limitarse a declarar sin lugar el recurso, o corregir la sentencia en la forma en que lo hubiera hecho la corte inferior si la cuestión hubiera sido suscitada ante ella?

''En ausencia,'' dice Corpus Juris, ''de un estatuto que permita esto, la corte de apelaciones no tiene facultad para enmendar o corregir la sentencia. Sin embargo, en la mayoría de las jurisdicciones tales cortes poseen y ejercitan poderes estatutarios para modificar y corregir defectos en la sentencia apelada o para dictar la sentencia que la corte inferior debió haber dictado.'' 17 C. J. 365.

En Puerto Rico el artículo 364 del Código de Enjuiciamiento Criminal otorga expresamente a esta Corte Suprema el poder de ''revocar, confirmar o modificar el fallo'' recurrido. En tal virtud, recogiendo la voz del propio récord, dejando hablar por sí mismos a los hechos consignados en la acusación y apreciando lo que dicen a la luz de lo establecido en el Código Penal con anterioridad a su comisión, la sentencia apelada debe modificarse sustituyendo las palabras ''escalamiento en primer grado'' que en ella figuran por las de ''hurto de menor cuantía'', y *así modificada deberá la sentencia confirmarse.*