THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ISMAEL LEANDRY ALOMAR, Defendant and Appellant.

No. 12341. Argued July 1, 1947.—Decided July 21, 1947.

*Carlos E. Colón* for appellant. *Luis Negrón Fernández, Attorney General,* and *Joaquín Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

Appellant was charged with the violation of subdivision *a* of § 10 of the General Supplies Act (Act No. 228 of 1942, Sess. Laws, p. 1268), in connection with Administrative Order No. 83 of the General Supplies Administrator of July

30, 1946. The alleged violation consisted in that on a certain day of August, 1946, in the city of Ponce, the defendant willfully and maliciously sold to Juan Correa Santiago, for his use, two ounces of lard for the amount of 15 cents, which price exceeded what he could lawfully charge.

The court found him guilty and sentenced him to three months in jail and to pay a fine of $100.

■ Appellant urges that the complaint is not sufficient. His contention is based on the fact that the order which it is alleged he violated does not fix a maximum price for pork products. It established the standards by which the merchants, importers, and retailers may determine the maximum price. This is the standard: The importer should add eight per cent of the cost and the retailer eighteen per cent on the purchase price he paid. Appellant concludes that, since the complaint does not state that the price of 15 cents for two ounces of lard is a price greater than his purchase price, plus 18 per cent, the complaint is insufficient.

As we have seen the complaint charges him with having sold "two ounces of lard for the amount of 15 cents, which price exceeds what he could lawfully charge."

The complaint informs him that the selling price exceeds the one authorized by the General Supplies Administrator, and if appellant wished to know more details he could have obtained them from the district attorney by a motion.

■ Appellant maintains that the judgment is void because he was convicted of an offense different from the one charged. This assignment of error is grounded on the fact that in the minutes of the court the clerk stated as follows: "The court on the evidence introduced found the defendant guilty and sentenced him for a violation of the Price Act..."

As rightly stated by the *Fiscal* of this Court, no transcript of the evidence has been sent up which should reveal the exact words of the judge in imposing the sentence. Under such circumstances, appellant has not placed us in a position to determine whether the sentence imposed was as stated

in the minutes, or whether the latter is a mere clerical error. *Johnson* v. *State* 63 So. 338 (Miss. 1913), and *In re Parks,* 45 N. W. 824 (Mich. 1890). That being so, appellant has not overcome the presumption that the sentence is correct.

■ Lastly, appellant urges that Administrative Order No. 83 of the General Supplies Administrator is unconstitutional because the Congress of the United States, in enacting The Price Control Extension Act of 1946, § 1A(*e*) (8) (A), prohibited that maximum prices be applied until August 21, 1946, to pork products, among which was included pork lard. Appellant then concludes that, since Administrative Order No. 83 of the General Supplies Administrator was promulgated on July 30, 1946, to become effective immediately, and since it fixed the selling price of the pork products until August 21, 1946, said Administrative Order is in conflict with the Federal Law approved July 25, 1946, and consequently it is unconstitutional.

Section 1A (*e*) (8) (A) of said Act provides.

"No maximum price and no regulation or order *under this Act* or the Stabilization Act of 1942, as amended, shall be applicable prior to August 21, 1946, with respect to livestock, milk, or food or feed products processed or manufactured in whole or substantial part from livestock or milk; ... " (Italics ours.)

The above Section is limited by its own language to rules or orders under the Price Control Act of 1946 or under the Stabilization Act of 1942, and Price Control Act of 1942, as amended. The Federal Act does not prohibit the states or territories from regulating locally the prices of said products. It has been argued that although the aforesaid provision does not expressly prohibit the regulation, from the whole context of the statute and especially from its Statement of Motives, it appears implicitly that it was the policy of Congress to eliminate the regulation of prices and therefore our local government could not legislate on this matter. This amounts to invoking, negatively, the doctrine of ex-

clusion of local legislation because it is in conflict with federal legislation on the same matter. *Puerto Rico* v. *Shell Co.*, 302 U.S. 253 (1937).

It seems evident that in order to adopt a policy so diametrically opposed to the one prevailing during the present emergency—absolute control of the prices—Congress would have expressly stated its intention to prohibit local government from legislating. Such an important change of policy should not be left to the uncertainty of statutory interpretation. In the statute herein involved when Congress extended the rent control and refused to let local or state governments legislate on the matter it used this unequivocal language: "While maximum rents are in effect under this Act with respect to housing accommodations in any defense-rental area, *such housing accommodations shall not be subject to rent control by any State or local government.*" Section 2(*b*), 50 U.S.C.A. App., Section 902. (Italics ours.) See *Latoni* v. *Municipal Court, ante* p. 130.

The above reasons lead us to the conclusion that Administrative Order No. 83 of the General Supplies Administrator is not in conflict with the alleged public policy of the Congress of the United States.

The judgment below is affirmed.