## Ex parte RICHARD KAYSER.

1. *Habeas corpus — Indictments — Evidence — Parol testimony.* — In *habeas corpus* to obtain the discharge of a prisoner convicted on two or more indictments, after the expiration of the first term of imprisonment, where the records showed that he was sentenced on the different indictments the same day, it will be presumed that the respective sentences were uttered at the same point of time; and it was incompetent to show, by parol testimony, that sentence in one case preceded the trial in the others by "some hours," unless, from the peculiar circumstances of the case, justice seemed to demand it.

### Petition for Habeas Corpus.

*H. B. Johnson,* for petitioner.

*Attorney-General,* for State.

CURRIER, Judge, delivered the opinion of the court.

It appears from the petition and exhibits in this matter that the petitioner was tried and convicted of the offense of grand larceny. He was thereupon sentenced to two years' confinement

in the State penitentiary.  On the same day he was tried, convicted, and sentenced in two other cases, the sentence being for two years' imprisonment upon each of the last two indictments. The sentences in all of the cases were passed on the 17th day of January, 1868.  The prisoner asks to be discharged upon the ground that he has served out his time under the first sentence, the last two sentences being, as he avers, illegal and void.  The petitioner avers that he was tried, convicted, and sentenced on the last two indictments "some hours" after his sentence upon the first; and upon that allegation is based the view that the proceedings upon the last two indictments were unwarranted.

*Ex parte* Meyers, 44 Mo. 279, is relied upon as furnishing the rule applicable to such cases.  In that case the different convictions occurred at different terms of the court, the second conviction and sentence being at a term of the court subsequent to that in which the prisoner was first tried, convicted, and sentenced.  Here there is a different state of facts.  The exhibits attached to the petition fail to show that the prisoner was sentenced on the first indictment before he was tried and convicted upon the others. The evidence of the records from the St. Louis Criminal Court, where the proceedings were had, is that the prisoner was sentenced in each case at the same time.  In law, a day is generally regarded as an indivisible point of time — *punctum temporis* — so that, in the words of Sir William Grant, " any act done in the compass of it is no more referable to any one than any other portion of it; but the act and the day are cotemporaneous, and therefore the act can not be said to be passed until the day is passed."  (Lester v. Garland; 15 Ves. Ch. 255.)  It is nevertheless held — and that is the rule — that where justice demands it, the exact time when an act was done may be shown by parol evidence.  (Brainard v. Bushnell, 11 Conn. 16.)  The several records of the prisoner's respective trials, convictions, and sentences impart absolute verity.  They contradict the averment that the first sentence preceded the trial in the other cases by "some hours."  Where is the stress of justice in the matter that justifies the introduction of parol evidence to vary the

legal import of the record? I fail to find it. The prisoner was convicted in each case upon his own confession of guilt, and is now attempting to escape from justice by a legal quibble. It is not justice that he seeks, but an escape from it. There is no merit in the application. The prisoner is remanded. The other judges concur.