In the matter of the application of A. C. SMITH on behalf of TAM FOOK for a Writ of Habeas Corpus.

APPEAL FROM BICKERTON, J.

OCTOBER TERM, 1887.

JUDD, C.J., McCULLY, PRESTON and BICKERTON, JJ. FORNAN-DER, J., absent.

Where a mittimus does not state that the sentence is to take effect at the expiration of a previous sentence, the sentences are concurrent, and where the sentence is in the words of a statute, "to be imprisoned for one year or to pay a fine of one hundred dollars," the judgment is erroneous.

Costs chargeable to defendants on conviction are the statutory costs only; therefore, where the defendant was ordered to pay costs and expenses, such order was illegal, and (reversing decision of Bickerton, J.) held, that the prisoner must be discharged, he having completed the longest legal sentence mentioned in the mittimuses.

OPINION OF THE COURT, BY PRESTON, J.

On the 24th of August last, Mr. Justice Bickerton issued a writ of habeas corpus *ad subjiciendum* in this case.

The Marshal on the return day brought the prisoner into Court and filed a return to the effect that the prisoner was lawfully detained in custody by virtue of six several mittimuses, copies of which were annexed to the petition.

These mittimuses are dated as follows:

1.    28th May, 1883, one year, fine $58.80 and $3 costs.

2.    Same date, 3 months or fine of $10 and $28 costs.

3.    Same date, 30 days or $50 fine and $3 costs.

4.    12th July, 1883, one year or $100 fine and $30.50 costs and expenses, to commence at expiration of former sentence.

5.    7th August, 1883, two years, fine $10 and $7.50 costs.

6.    11th September, 1883, one year or $100 fine and $58 costs and expenses, to commence at expiration of former sentence.

Convictions 1, 2 and 3 were by the District Judge of Kawaihau, Kauai; convictions 4 and 6 by the District Judge of Nawiliwili; and conviction 5 by the Circuit Court.

On the argument it was contended that the several sentences had expired by effluxion of time, but the learned Judge, on a computation of the several sentences, found that such was not the case and remanded the prisoner.

From this decision the petitioner appealed, and the appeal was heard at this present term.

Mr. A. C. Smith, in support of the appeal, argued that

" Where the return shows a detainer on process, the existence and validity of the process are the only facts upon which issue can be taken." Hurd on Hab. Corp., p. 326, Sec. 332.

" But though the process be legal on the face, and therefore a justification to the officer in an action for false imprisonment, the Court would nevertheless discharge the prisoner on *habeas corpus*, if it appeared that the process was void, and that upon the ground that the imprisonment was illegal." *Ib.*, p. 341, Sec. 344.

"It was held by the Courts that where the conviction was *prima facie* bad, as it appeared on the face of the warrant of commitment, it was for those who asserted it to be in different form, to bring it before the Court." Church on Hab. Corp., Sec. 145.

But the return in this case refers only to the mittimuses, and they are the only record we have of the proceedings.

"If the record does not show upon its face the facts necessary to give the Court jurisdiction, they will be presumed not to have existed." Hurd on Hab. Corp., p. 367, first paragraph.

"In the case of special authorities given by statute to justices or others acting out of the course of the common law, the instrument by which they act, whether warrants to arrest, commitments, or orders, or convictions, or inquisitions, ought, according to the course of the decisions, to show their authority on the face of them by direct averment or reasonable intendment." *Ib.*, p. 388, Sec. 393.

Speaking of commitments from inferior Courts, the same author (Sec. 411) says: "And if it show a conviction with conditions annexed, not authorized by law and indivisible, it cannot be sustained." Citing *Rex vs. Barnes*, 2 Str. 917.

In the case of Francisco P. dos Santos (*Habeas Corpus*) tried before Mr. Justice Preston, the prisoner was discharged on the ground that there was no such offence known to law as "hoeha me ka mea make," that being the offence named in the mittimus.

The case of Manuel de Souza was an almost identical case.

I submit there is no such an offence known to the law as "mahuka mai ka hale paahao aku," (escaping from jail.) This is the only description of the offence in the mittimus of July 12th, and Sept. 5th, 1883. In the mittimuses of May 28th, 1883, the charge is: "Mahuka mai ka hale paahao, oia hoi hooke hookapae ana i ka hooponopono ma ke kanawai," (escaping from jail, that is to say, obstructing and perverting justice.) It nowhere appears in either of these mittimuses from what jail or where these escapes were made, or at what time; nor that the prisoner was lawfully detained or imprisoned at the time of his escape.

"A warrant of commitment stated that 'H. B., in a certain affidavit made and sworn to by him, before C. C., a competent authority by law to administer the same, did * * * * commit willful and corrupt perjury.' This was held bad, because it did not state that the perjury was committed in the course of a judicial proceeding." Church on Hab. Corp., p. 361, Sec. 281, citing *Reg. vs. Bartlett*, 7 Jur. 649, S. C., 12 L. J., N. S., M. C., 127.

So far as is shown by these mittimuses, it does not appear that the place escaped from was even a legal place of confinement; or that the escape was not made before the prisoner was under legal arrest or sentence.

The Marshal has relied upon these mittimuses alone, when he might have pleaded the judgment and record, and he is therefore bound by them.

The mittimus of July 12th, 1883, dates his sentence from the expiration of *the former sentence* (mahope iho o ka pau ana o ka

hoopai mua) while he is under three different sentences, viz: larceny, violation of postal laws, and escape.

By one of the mittimuses of May 28th, 1883, the prisoner is sentenced for "Kue i ka oihana Leta," (violation of the Postal Department.) There is no such offence known to the law.

In one of the three mittimuses dated May 28th, 1883, the prisoner is sentenced to one year's imprisonment at hard labor and to pay a fine of $58 and $3 costs on a charge of "aihue bila dala pepa," (larceny of a paper money bill.) The objection to this mittimus is that there is no statute describing such an offence; that larceny is of degrees, governed by the circumstances under which it is committed, and the amount stolen, without reference to the *thing* taken. We have no means of ascertaining the degree by any such description, and therefore nothing from which the jurisdiction of the magistrate can be shown or inferred. It is not even stated when or where the larceny was committed.

The mittimus of July 12th, 1883, taxes costs at $30.50, setting forth that said amount includes not only costs of Court, but other expenditures, ("Ke hui me na lilo e ae.")

The mittimus of September 11th, 1883, charges costs at $58 and includes other expenditures in the same.

Costs chargeable to prisoners on conviction are only statutory; and it is submitted that anything in excess of these are illegal.

Neither of the three mittimuses dated May 28th, 1883, show that the sentences therein are to begin at the expiration of any former sentence, and therefore the presumption must be that they run concurrently, and must all end at the termination of the longest among them that may be considered a legal sentence, if either of them are such.

In the mittimus of August 7th, 1883, it is not provided that it should begin at the expiration of any former sentence, and therefore it should run only according to its terms.

It nowhere appears in any of the mittimuses signed by the District Justice that any of the offences named therein were committed in the district to which his jurisdiction was limited.

BY THE COURT.

Upon considering the argument made on behalf of the appellant and upon examination of the several mittimuses, we are satisfied the appeal must be allowed for the reasons advanced.

We notice that some of the sentences follow exactly the words of the statute and are in the alternative, i. e. to be imprisoned for one year or pay a fine of one hundred dollars. This alone would be sufficient to entitle the prisoner to his discharge.

If it is intended that sentences should be cumulative, it should be so stated, otherwise they are concurrent and must be so considered by the gaolers.

The prisoner is entitled to be discharged and it is so ordered.

*A. C. Smith*, for the prisoner.