In re Kim, 21 Haw. 295.

# IN THE MATTER OF THE APPLICATION OF M. S. KIM FOR A WRIT OF HABEAS CORPUS.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED SEPTEMBER 13, 1912.    DECIDED SEPTEMBER 25, 1912.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

CRIMINAL LAW—*plea of guilty—adjudication of guilt.*

Upon a plea of guilty an independent adjudication of guilt by the court is not necessary and the court may thereupon proceed to pass sentence.

CRIMINAL LAW—*cumulative sentences—power of magistrates.*

District magistrates have power in proper cases to impose cumulative sentences.

CRIMINAL LAW—*cumulative sentences—construction of record.*

A magistrate's record on pages 411 and 412, under date of April 28, 1911, contained entries in immediate succession of five separate charges against the same defendant and of a plea of guilty and a continuance in each case to the following day. On page 413 appeared entries in immediate succession of five separate sentences against the same defendant just referred to, each showing that the cause came by continuance from the preceding day. Held, that ordinary procedure and ordinary reading support the view that the cases were taken up for sentence in the order in which they were entered in the magistrate's record of April 28 and that in making the entries of April 29 the magistrate intended them to be read as referring to the cases in the order in which the charges were entered on April 28.

OPINION OF THE COURT BY PERRY, J.

(Robertson, C.J., Dissenting.)

This is a petition for a writ of habeas corpus. On April 28, 1911, five separate charges were entered in the district court of Honolulu charging the petitioner with obtaining money under false pretenses. The offenses were charged to have been committed on five separate days and against five persons and involve five distinct sums of money. The petitioner appeared

in person and pleaded guilty to each charge. Each case upon the entry of the plea was continued until the following day for sentence. There is no objection now to the sufficiency of any of the charges as entered. In each instance all the essential elements of the offense appear to have been set forth. In volume 23 of the criminal records of the district magistrate on pages 411, 412, under date of April 28, 1911, the five charges were entered in succession, no record of any other case intervening. At the end of the entry of each charge appear the words "Defendant pleads guilty. Imposition of sentence by the court deferred until April 29, 1911." In the same volume on page 413, under date of April 29, 1911, the following entries appear:

"M. S. Kim"    "From April 28, 1911.
             "Defendant was sentenced to be imprisoned for a term of Eight (8) Months, and to pay costs of Court, $1.00."

"M. S. Kim"    "From April 28, 1911.
             "Defendant was sentenced to be imprisoned for a term of Seven (7) Months, and to pay costs of court $1.00. This sentence shall begin immediately after the expiration of the term of sentence in the preceding case."

"M. S. Kim"    "From April 28, 1911. Defendant in Person.
             "Defendant was sentenced to be imprisoned for a term of Seven (7) Months, and to pay costs of court $1.00. This sentence shall begin immediately after the expiration of the term of sentence defendant may then be serving."

"M. S. Kim"    "From April 28, 1911. Defendant in Person.
             "Defendant was sentenced to be imprisoned for a term of Seven (7) Months, and to pay costs of court $1.00. This sentence shall begin immediately after the expiration of the term of sentence he may then be serving."

"M. S. Kim"    "From April 28, 1911. Defendant in Person.
             "Defendant was sentenced to be imprisoned for a term of Seven (7) Months, and to pay costs of court $1.00. This sentence shall begin im-

mediately after the expiration of the term of sentence he may then be serving."

No other entry relating to the judgment, sentence or other proceedings in the cases appears in the magistrate's record. On April 29, 1911, the date on which the sentences were imposed, five mittimuses were issued respectively bearing the numbers 9640, 9641, 9642, 9643, 9644, number 9640 being for the offense named in the charge first entered in the record for April 28 and the others corresponding in the order of their numbers with the order of the charges as entered on that day. Each mittimus recites in full the charge made under the particular case. Number 9640 simply recites a sentence of eight months imprisonment. Number 9641 contains the declaration "This sentence to take effect at the expiration of his former sentence of even date under Mittimus No. 9640." Each of the succeeding mittimuses similarly declares that the sentence thereby imposed is to take effect at the expiration of the former sentence, giving the number of the last preceding mittimus.

The grounds urged by the petitioner for his discharge from custody are the following: that the sentences are void because no judgments were rendered or entered; that the sentences are by their terms concurrent and not cumulative and that the one prescribing the longest period of imprisonment has expired; that the district magistrate had no authority to impose cumulative sentences; that the sentences are uncertain and that it is impossible to ascertain from the entries in the magistrate's docket in which case each one was imposed; that the mittimuses cannot be resorted to in aid of the defective record of the sentences; and that oral evidence was inadmissible to add to or explain the entries concerning the sentences.

The case, then, is that of a prisoner who has appeared in person in answer to five charges presented against him with all the essential formalities required by law and has confessed his guilt in each one of the five cases and upon whom by reason of the pleas of guilty have been imposed five sentences, each of them

within the power of the magistrate to impose, and who now asks release from those sentences. There is no room for the contention, and none is made, that the petitioner is innocent or that any of the substantial requirements of a fair trial have been denied him or that any of the sentences was rendered in excess of the jurisdiction of the court, but merely that the magistrate was guilty of technical errors or omissions in entering the sentences in his docket. The contentions advanced are purely technical and not substantial. In the language of the supreme court of Missouri "it is not justice that the petitioner seeks but an escape from it." *Ex parte Kayser,* 47 Mo. 253, 255. We are unwilling to release him from custody unless the law imperatively requires it and we think that it does not.

It is well settled that upon a plea of guilty an independent adjudication of guilt by the court is not necessary. The defendant confessing the truth of the charge against him there is nothing left for the court to find and it may without further intervening steps proceed to sentence the accused. The plea of guilty operates as a conviction just as effectually as does the verdict of a jury or the judgment of the court in a jury-waived case. It may be that a strictly formal procedure would suggest a recital in connection with the imposition of sentence of the fact of the entry of the plea of guilty or other conviction, as the case may be, but this is not essential when it otherwise appears from the record that the accused was duly convicted; and particularly is this true of our district courts which are not courts of record and in which the procedure is and always has been more or less informal.

"We think that the objection is hypercritical. After a plea of guilty, there is nothing further for a court to do than to pronounce sentence. The plea of guilty is like the verdict of guilty. * * * There is no duty in the court to 'convict' but only to sentence. If the prisoner pleaded not guilty and if he were tried without a jury, then the court would find him guilty or not guilty; but when he pleads guilty, there is nothing for the

court to find." *People* v. *McEwen,* 67 How. Pr. 105, 112. "If the plea" of nolo contendere "is accepted, it is not necessary or proper that the court should adjudge the party to be guilty, for that follows as a legal inference from the implied confession, but the court proceeds thereupon to pass the sentence of the law." *Com.* v. *Ingersoll,* 145 Mass. 381, 382. "If he pleads guilty upon his first arraignment and this plea is received by the court and recorded it is an admission of all facts well charged in the indictment or complaint and a waiver of his right of trial by jury thereon, and, unless withdrawn by special leave of court, * * * leaves nothing to be done but to pass sentence." *Com.* v. *Mahoney,* 115 Mass. 151, 152. See also Bishop Statutory Crimes, Sec. 348; *People* v. *Goldstein,* 32 Cal. 432, 433; *Com.* v. *Horton,* 9 Pick. 206, 207; *West* v. *Gammon,* 98 Fed. 426; 19 Pl. & Pr. 436, 437; 12 Cyc. 771.

The sentences were intended to be cumulative. The second one provides that "this sentence shall begin immediately after the expiration of the term of sentence in the preceding case" and the third, fourth and fifth each provides that "this sentence shall begin immediately after the expiration of the term of sentence defendant may then be serving." Language could not express the intent of the magistrate more clearly. Nor is there any uncertainty as to the time of the commencement or of the termination of each sentence. That is certain which can be made certain. The first sentence began immediately upon its imposition and each of the others immediately upon the expiration of the next preceding one. It has long been the unassailed practice in our courts, including the district courts, to impose cumulative sentences when the circumstances required that course and the practice was recognized in the case of *In re Tam Fook,* 7 Haw. 162, 166. By the weight of authority as well as of reason such sentences are sufficiently definite and within the power of a court to impose even in the absence of express statutory authority. "By the common law of England * * * the sentence, at least in misdemeanors, may direct the imprison-

ment on one count or indictment to commence on the termination of that on another." Bishop New Criminal Procedure, Sec. 1327. "It is a familiar rule of the common law with respect to misdemeanors that the court may order the imprisonment on one count or indictment to begin on the expiration of that on another. * * * In some of our states it has been denied that the court has such a power in any case, unless given by statute. * * * But the great weight of authority is undoubtedly the other way. * * * And such power has uniformly been exercised in this state with respect to sentences in cases of felony as well as of misdemeanor." *Breton, Petitioner,* 93 Me. 39, 42. "It has long been well settled, in cases of this kind, where the prisoner has been convicted of several distinct offenses, that the court may give judgment upon each one of them, and, in doing so, may lawfully direct that the term of imprisonment for one shall commence at the expiration of that for another, and so on, until all the terms have expired." *Re McCormick,* 24 Wis. 492, 493. "If distinct offenses although of a similar character, are set forth in several counts in the same indictment, and, a fortiori, if set forth in different indictments or informations, it is in the power of the court to impose cumulative sentences, that is, periods of confinement, each one of which is independent of the other." *Re Fry,* 3 Mackey (D. C.) 135, 139. "To hold that where there are two convictions and judgments of imprisonment at the same term, both must commence immediately and be executed concurrently would clearly be to nullify one of them. * * * We think, both upon principle and the weight of authority, that we are required to hold that it is not error, upon a conviction in a criminal case, to make one term of imprisonment commence when another terminates. There is but little force in the objection that the term of commencement of the second term is contingent and uncertain. It is true that the first term may be ended by a pardon or a reversal of judgment, but its termination will be rendered certain by the event and then the second sentence by its terms takes effect." *Williams*

v. *State,* 18 O. St. 47. See also *Ex Parte Ryan,* 10 Nev. 261; *Kile v. Com.* 11 Met. 581; *People* v. *Forbes,* 22 Cal. 136 and *In re Walsh,* 37 Neb. 454.

If resort may lawfully be had to the mittimuses there is no possibility of doubt concerning the identification of the offense for which each sentence was imposed or the order in which the sentences were to be served. Each mittimus contains a statement of the charge in full. Each is numbered and the later ones refer specifically by number to the earlier. But even assuming that resort may not thus be had to the mittimuses the same result is reached. The five charges are entered under date of April 28 immediately following each other in the magistrate's record. In each instance the plea and the fact of a continuance for sentence to April 29 was recorded immediately following the entry of the charge. Then on the next succeeding page are entered the five sentences immediately following each other and each preceded by the entry "from April 28, 1911" and with the words "M. S. Kim" in the margin opposite each sentence. Ordinary procedure and ordinary reading support the view that the cases were taken up for sentence in the order in which they were entered in the magistrate's record of April 28 and that in making the entries of April 29 the magistrate intended them to be read as referring to the cases in the order in which the charges were entered on April 28. This is the reading and the conclusion, we believe, required by common experience and common sense and we are unwilling to order the prisoner discharged on the ground of a technical possibility that the cases were taken up in an unusual order and that the entries on the 29th were made in a way calculated to mislead the reader. Courts owe a duty to the community at large as well as to persons accused of crime and in the effort to protect the latter against unjust or illegal punishment should not overlook the right of the public to protection from those who have confessed their guilt and who have been sentenced to lawful terms of imprisonment by a tribunal with jurisdiction to impose the sen-

tence.    "It may as well be understood that it is not the duty of
the courts to discharge prisoners, fairly and legally convicted,
from confinement, because of technical errors and defects in the
record of sentence or in the commitments." *In re Parks,* 81
Mich. 240, 243.

It is unnecessary to decide whether oral evidence of the mag-
istrate was admissible to further identify the offenses for which
each sentence was imposed.

The order appealed from remanding the prisoner is affirmed.

*R. P. Quarles* for petitioner.

*J. W. Cathcart, City and County Attorney,* for respondents.

OPINION OF ROBERTSON, C.J., DISSENTING IN PART.

The record of the district magistrate shows that on April 28,
1911, the petitioner pleaded guilty to five separate charges of
obtaining money under false pretenses, and that on April 29,
1911, the magistrate sentenced him to five separate and cumu-
lative terms of imprisonment.    The cases were not designated
by number and the record fails to show in which of the cases
any one of the sentences was imposed.    Counsel for the peti-
tioner contends that the uncertainty so resulting is such that
there is no valid judgment under which the petitioner can legal-
ly be kept in custody.    If this is so, it is a matter of substance
and not a mere technicality.

The prosecuting attorney answers that the alleged uncertainty
may be obviated in any one or all of three ways:    (a) by resort
to the mittimuses, which, it must be conceded, would remove
all uncertainty if the resort to them may properly be had; (b)
by resort to the testimony of the district magistrate who, over
the objection of petitioner's counsel, testified to the effect that
the cases were called up for sentence in the same order in which
they were called up for arraignment and plea; and (c) that the
inference to be drawn from what appears in the magistrate's
record is that the cases were continued from one day to the next

In re Kim, 21 Haw. 295.

in the order in which the charges were entered, and the sentences were imposed upon the defendant in the same order. Without passing on the first two points the majority sustain the last mentioned contention. It is from this that I dissent. The argument is that ordinary procedure and ordinary reading support the view contended for, and that such reading and conclusion are required by common experience and common sense. Thus, the majority, by indulging a presumption which seems to me to be no more substantial than a mere conjecture, find that the magistrate's record shows a valid subsisting judgment and sentence, or, rather, five such, free from any uncertainty or indefiniteness. But as I look at it there is no more reason for presuming that on the second day the cases were called up in the same order in which they were called on the first day than there is for supposing that they were called up in the reverse or a different order. It is purely and simply a question of fact, for the event may have occurred as well one way as the other and there cannot be said to be any common observation, experience or other proper basis for a presumption one way or the other. Presumptions of fact which have been referred to as "the bats of the law, flitting in the twilight, but disappearing in the sunshine of actual facts " (196 Mo. 550, 571) may and should be indulged under proper circumstances and when they rest upon solid ground, but the indulging of a presumption whose basis is unstable is as apt to lead away from the truth as toward it.

The district courts are not courts of record, but the magistrates are required by statute to keep a record of their proceedings, transactions and judgments. Ordinarily the sentence or judgment entry should state the offense for the commission of which the defendant was sentenced, but it is enough that that can be ascertained from the record as a whole. In the case at bar, however, as it seems to me, the record is fatally defective, and valid sentences can be shown only by recourse to the mittimuses or the testimony of the magistrate. Whether recourse

can legally be had to either of those sources I need not stop to consider in view of the conclusion of the majority that the petitioner must be remanded.   As to the other questions discussed in the opinion of the court I agree with what is there said.