## THE FIRST TRUST COMPANY OF HILO, LIMITED, v. DAVID K. ROY, ET AL.

## No. 1697.

APPEAL FROM CIRCUIT JUDGE THIRD CIRCUIT.
HON. J. W. THOMPSON, JUDGE.

SUBMITTED NOVEMBER 12, 1926.        DECIDED DECEMBER 7, 1926.

PERRY, C. J., BANKS AND PARSONS, JJ.

WILLS—*construction.*

A testator devised his entire estate to trustees for the benefit of his wife and children with direction to pay to his wife during the minority of his children one-third of the income and to use, in the proportion of one equal share to each child then living, two-thirds of the income for the care, maintenance and education of his children during their minority, with the proviso that when each child reached the age of twenty-one years the trustee should turn over to such child his or her proportionate share of the corpus of the estate, and with the further proviso that if the wife died before the youngest child reached twenty-one years of age her one-third interest in the corpus should be restored to the testator's estate and disposed of as provided by the will. Held, that it was the intention of the testator that in the event the wife's one-third was, by death, restored to his estate such one-third should be disposed of in equal proportions among all his children or their heirs at law.

OPINION OF THE COURT BY BANKS, J.

This is an appeal from a decree in equity construing a will. William F. J. Roy died leaving a last will and testament which was duly probated. The persons named as executors and trustees of the will were appointed by the probate court but subsequently resigned and The First Trust Company of Hilo, Limited, the petitioner herein, was appointed in their stead. Being in doubt as to the proper construction of the will the trust company, on the 8th day of April, 1926, filed in the circuit court a petition,

to which David K. Roy, William F. Roy, James F. Roy, Charles D. Roy, Amy Roy, John W. Roy, Lawrence Gay and Lawrence Roy Gay were made respondents, praying a judicial construction of the doubtful clauses of the will. On October 23 an amended petition was filed. The present appeal was taken by Lawrence Roy Gay, by his guardian *ad litem,* and by Lawrence Gay. The matters concerning which the trust company is in doubt are set forth in the fifth paragraph of the amended petition and are as follows: "(a) The said beneficiary Esther having reached her twenty-first year before the death of her mother, the said widow, what portion of the corpus of the estate and what portion of the income was she entitled to receive from petitioner at and after the death of her said mother, and the said Esther being now deceased and having left surviving her the said heirs at law, what portion of the corpus of the estate and what portion of the income are the said heirs at law of the said Esther entitled to receive from petitioner? (b) Are the said heirs at law of the said Esther entitled to take together a one-seventh portion of two-thirds of the estate, or a one-seventh portion of the entire estate, both principal and interest? (c) What portion of the principal and interest, and what portion of the income, are the respondents other than the said heirs at law of the said Esther entitled to receive from petitioner out of the trust estate?"

The facts which gave rise to the doubt in the mind of the trustee are as follows: William F. J. Roy died on the 16th day of March, 1921, at Kalahiki on the Island of Hawaii. He left surviving him his widow, Esther M. Roy, and the following children: Esther Roy, David K. Roy, William F. Roy, James F. Roy, Charles D. Roy, Amy Roy and John W. Roy. On the 12th day of March, 1913, William F. J. Roy executed his last will and testament. After providing for the payment of his debts and funeral expenses and the erection of a suitable headstone

over his grave he devised the residue of his property of whatever character to John D. Paris, Frank E. Greenwell and Robert Wallace, as executors and trustees. These executors and trustees were directed to hold and manage the property for the benefit of the testator's wife, Esther M. Roy, and his children. The interest each of them was to have in the property of the testator is expressed in the following clauses of the will: "Article Fourth. I further will and direct that all the profits, interest and income of the said estate, as the same shall be received by my said executors and trustees, shall during the lifetime of my beloved wife, Esther M. Roy, be disposed of by my executors and trustees as follows:—one-third thereof, after the deduction by my executors and trustees of reasonable expenses and commissions, shall be paid to my said wife Esther M. Roy, and the remaining two-thirds thereof shall be used, in proportion of one equal share to each child then living, for the care, maintenance and education of all of my children, or if any of them shall have died leaving lawful issue, then the share of such lawful issue shall be paid to its legal representatives. Article Fifth. I further will and direct that my said executors and trustees shall dispose of the profits, interest and income derived from my estate to each of my said children, respectively, until they shall severally attain the age of twenty-one years, as in Article Fourth hereof set forth and directed; and as each of my children shall attain such age of twenty-one years, my said executors and trustees are hereby directed to turn over to my said children or if any of them shall have died leaving lawful issue, then to their legal representatives, the proportionate share of my said estate to which said child *is entitled* at that time. Article Sixth. In case any of my said children shall die before they reach the age of said twenty-one years without leaving lawful issue them surviving, I hereby will and direct that the said share of said child

be turned into and become a part of my estate, to be disposed of in accordance with the provisions hereof. Article Seventh. In case my wife, Esther M. Roy, shall die before the youngest of my children then living attains the age of twenty-one years, I hereby will and direct that the share of my said wife in my said estate be turned into and become a part of my estate, to be disposed of as herein provided. Article Eighth. I hereby will and direct that when the youngest of my children then living attains the age of twenty-one years, and provided, further that my wife is also then alive, that the share of said child shall be turned over to it and the balance of my estate given to my wife; the true intent and meaning of this instrument being that the said estate shall be kept, insofar as it is possible so to do, in the discretion of my executors and trustees, intact and that the income derived from it shall be for the benefit of my wife and children, but that no child shall receive his or her share of said estate until he or she arrives at the age of twenty-one years, and that my said wife shall not receive her share of said estate until the youngest of my children then living shall attain the full age of twenty-one years."

Esther M. Roy, the widow of the testator, died on December 22, 1923, and Esther Roy, the daughter, reached the age of twenty-one years on January 4, 1923, nearly a year prior to the death of the widow. Esther, the daughter, married Lawrence Gay, one of the appellants, and became the mother of Lawrence Roy Gay, the other appellant. Esther died on or about August 14, 1925, leaving surviving her as her sole heirs at law and next of kin her husband, Lawrence Gay, and her minor son, Lawrence Roy Gay. One of the provisions of the will of William F. J. Roy is that when any of his children reach the age of twenty-one years the executors and trustees should turn over to such child, or, if such child should have died leaving lawful issue, to the legal repre-

sentative of such child, the proportionate share of his (the testator's) estate to which such child should be entitled at that time. It is obvious from this provision that when Esther reached twenty-one years of age, the wife and all the children of the deceased being alive, she was entitled to have transferred to her one-seventh of two-thirds of the corpus of the estate, this being at that time her entire vested interest. She did not, however, request the trustee to make such transfer to her nor have her heirs at law (the appellants herein) ever done so. David Roy, another child of the testator, reached the age of twenty-one years on January 1, 1924, and, like his sister Esther, did not then or thereafter request that his share of the corpus of the estate be turned over to him nor has it been so turned over. The shares of both Esther and David are still in the hands of the trustee.

There is another provision in the will which is as follows: "Seventh. In case my wife, Esther M. Roy, shall die before the youngest of my children then living attains the age of twenty-one years, I hereby will and direct that the share of my said wife in my said estate be turned into and become a part of my estate, to be disposed of as herein provided." None of the children except Esther had at the time of the widow's death reached twenty-one years of age. Therefore the proportionate share of the corpus of the estate, namely, one-third, which would have become the property of the wife absolutely had she lived until the youngest child reached the age of twenty-one years, reverted to and became a part of the testator's general estate. This restoration having been thus accomplished and the corpus of the estate to that extent replenished, the question to be determined is, who did the testator intend should participate in its benefits. Did he intend that only those of his children who reached twenty-one years of age subsequent to the death of his wife should be

participants and that those who had reached that age prior to her death should be excluded? Or did he intend to place all his children on a parity? The intention of the testator must be gathered from the will itself.

The court below reached the conclusion that it was the intention of the testator that only those children who reached the age of twenty-one after the death of his wife should have an interest in the proportion of the corpus devised to her, in the event such proportion reverted to and became a part of the general estate. If this conclusion is sound the circuit judge correctly decided that the daughter Esther, having reached the age of twenty-one years before the death of her mother, would, if she were living, have no share in this increase of the estate and for the same reason her heirs at law (the appellants) have none. We, however, take a different view of the will. There is no provision in the will that indicates an intention by the testator in the distribution of his bounty to discriminate against any of his children. He certainly expressed no such intention regarding the disposition of the income from his estate. On the contrary he made it explicit that two-thirds of the "profits, interest and income" should be devoted in equal proportions to the "care, maintenance and education" of all his children. Did he have a different intention in regard to the corpus of his estate?

The only clause of the will in which the testator expressed his intention regarding the interest he desired each of his children to have in the corpus of the estate is article fifth. In this article he provides that when a child reaches twenty-one years of age it shall be the duty of the trustee to turn over to such child "the proportionate share of my said estate to which said child is entitled at that time." By a "proportionate share" he evidently meant a share equal to that to which each of his other children would become entitled when they respectively

reached twenty-one years of age. Did he declare what share or proportion of the corpus his children were entitled to participate in upon reaching their majority? We find no specific declaration in the will on this point. We believe, however, his intention is reasonably deducible from articles fourth and eighth. In the fourth article it is provided that one-third of the income shall go to the wife and two-thirds to the children. In the eighth article it is provided that when the youngest child then living attains the age of twenty-one years, if the wife is then alive, the share of said child shall be turned over to it and the balance of the estate given to his wife, then the following: "the true intent and meaning of this instrument being that the said estate shall be kept, insofar as it is possible so to do, in the discretion of my executors and trustees, intact and that the income derived from it shall be for the benefit of my wife and children, but that no child shall receive his or her share of said estate until he or she arrives at the age of twenty-one years, and that my said wife shall not receive her share of said estate until the youngest of my children then living shall attain the full age of twenty-one years."

It is clear from the will that the testator intended to make his wife and children the beneficiaries of his entire estate, both income and corpus,—of the income, during the continuance of the status prescribed by the will, and of the corpus, upon the occurrence of the events upon which the vesting of the corpus was made to depend. Having disposed of the income in proportions of one-third to his wife and two-thirds in equal shares for the uses of his children and not having declared a contrary intention regarding the distribution of the corpus, we think the inference is that he intended the corpus to be divided in the same proportions as the income. Subsequently, however, this two-thirds was augmented by the addition of the one-third intended for the benefit of the wife had she

survived the minority of the youngest child.   According to article sixth of the will this one-third when added to the two-thirds was "to be disposed of in accordance with the provisions hereof;" that is, as provided by the will. The one-third being corpus and, now that the wife is dead, intended by the testator, equally with the original two-thirds, for the benefit of his children, it follows that it must be disposed of in the same proportions and among the same beneficiaries as provided by article fifth of the will.   This article clearly contemplates a division in equal proportions among all his children, including Esther, who had reached the age of twenty-one before the addition of the one-third, as well as those of his children who may subsequently reach the age of twenty-one.   Esther being now deceased her heirs at law are entitled to the same proportion of the estate, including corpus, profits, interest and income, to which Esther would be entitled were she alive.

The decree of the lower court is reversed.   A decree in conformity with the foregoing opinion will be entered upon presentation.

*C. S. Carlsmith* for petitioner.

*Schnack & Tracy* for Lawrence Gay and Lawrence Roy Gay.